UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TCF INVENTORY FINANCE, INC.,

    Plaintiff,
v.

GREAT LAKES OF WEST MICHIGAN
LLC, et al.,

    Defendants.
_____/

Hon. Janet T. Neff

Case No. 1:19-CV-453

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 41), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. §636(b)(1)(B).  Because Plaintiff has supported its request for a default judgment with affidavits and documentary proof which establish the judgment amount, the Court need not hold a hearing on the motion.  *See Joe Hand Promotions, Inc. v. RPM Mgmt. Co.*, No. 2:11-cv-377, 2011 WL 5389425, at *1 (S.D. Ohio Nov. 7, 2011) ("Although the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court."); *Trs. Of Mich. Laborers Pension Fund v. Improvement Techs. Co.*, 2009 WL 5150349, at *1 (E.D. Mich. Dec. 18, 2009) (noting that a hearing on a motion for default judgment is not required unless the court "needs to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter").

Summonses were returned executed as to both Defendants, Great Lakes of West Michigan LLC and Connie Craft, on June 21, 2019.  On July 8, 2019, the Court granted Plaintiff's verified

motion for alternative service on Craft.  (ECF No. 22.)  Plaintiff made alternate service on Craft on July 10, 2019.  (ECF No. 25.) Defendants failed to answer or otherwise plead and, pursuant to Fed. R. Civ. P. 55(a), the Clerk entered defaults against Great Lakes and Craft, respectively, on July 12, 2019 and August 14, 2019.  (ECF Nos. 32 and 40.)

## THE PARTIES

Plaintiff filed its complaint on June 10, 2019, alleging a claim against Great Lakes for breach of a Security Agreement (Count I), a claim against Craft for breach of a Guaranty (Count II), and a claim against Great Lakes for claim and delivery to recover possession of Plaintiff's collateral (Count III).  Plaintiff alleged that it entered into an Inventory Security Agreement with Great Lakes, pursuant to which Plaintiff agreed to finance Great Lakes' acquisition of inventory in the ordinary course of business.  (ECF No. 1 at PageID.2.)  In connection with the loan, Great Lakes granted Plaintiff a security interest in "Collateral," defined in the Security Agreement as, among other things, "inventory."  (*Id.* at PageID.3.)  Plaintiff perfected its security interest in the Collateral by filing the appropriate UCC financing statement.  (*Id.*)  Craft signed a Guaranty, pursuant to which she unconditionally guaranteed the prompt payment of all of Great Lakes' obligations to Plaintiff.  (*Id.* at PageID.3–4.)

Subsequently, Great Lakes breached the Security Agreement by failing to make required payments to Plaintiff.  (ECF No. 42-1 at PageID.203.)  On May 3, 2019, Plaintiff sent a letter to Defendants demanding that they pay $50,214.61 to cure past due obligations.  Defendants failed to remit the payment and continued to sell additional Collateral without remitting the proceeds to Plaintiff.  (*Id.* at PageID.203–204.)  Therefore, on May 8, 2019, Plaintiff sent a letter to Defendants accelerating all amounts due under the Security Agreement and demanding payment in the amount of $776,100.19 and that Defendants assemble the Collateral.  Defendants failed to remit the full

amount of the accelerated principal balance, and Great Lakes failed to assemble the Collateral. (*Id.* at PageID.204.)

Pursuant to the Court's July 11, 2019 Order (ECF No. 28), Plaintiff has recovered and currently possesses some of the Collateral, pending further order from the Court. (ECF No. 42-1 at Page ID.204.)  The current amount Defendants owe Plaintiff is $736,764.28, consisting of $714,704.00 in principal and $22,060.28 in interest.  (*Id.*)  In addition, Plaintiff incurred $12,000 for the cost of posting a bond to obtain prejudgment possession of the Collateral.  (*Id.* at PageID.205.)  Pursuant to the Security Agreement, Defendants are obligated to pay all of Plaintiff's reasonable attorney's fees and expenses in enforcing the Security Agreement and Guaranty.  (ECF No. 1-1 at PageID.15.)  As of August 23, 2019, Plaintiff has incurred $37,217.00 in attorney's fees and $1,422.54 in expenses.  (ECF No. 42-2 at PageID.207–08.)  In light of the proceedings in this case, these amounts appear to be reasonable.

Great Lakes, a limited liability company, is not a minor or an incompetent person.  In addition, Plaintiff has shown that Craft is not a minor or an incompetent person and  has submitted an affidavit in accordance with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(1)(A). (ECF No. 42-3.)  Because Defendants have not answered or otherwise pled, the allegations against them are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).  *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995).

## **STANDARD**

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

(b) Entering a Default Judgment.

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who

3

has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

Because the default judgment sought is not solely for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

## **DISCUSSION**

Plaintiffs' motion appears appropriate and is well supported by the exhibits and declarations attached to the complaint and the motion, which sufficiently outline the basis for default judgment and for the damages and costs sought. *See, e.g.,* Coughlin Decl.; Hockett Decl. (ECF Nos. 42-1 and 42-2). Accordingly, Plaintiff is entitled to a default judgment against Great Lakes on Count 1 and against Craft on Count 2 for $736,764.28 in principal and prejudgment interest and $50,639.54 in fees and expenses. Finally, Plaintiff is entitled to entry of a default judgment against Great Lakes for possession of the Collateral, including the inventory described on Exhibit 3 to the complaint, as well as a final determination that Plaintiff has a superior right of

possession of the inventory Collateral that Plaintiff previously recovered from Great Lakes pursuant to the Court's order.

## **CONCLUSION**

It is the recommendation of the undersigned that Plaintiff's Motion for Default Judgment (ECF No. 41) be granted; and that, in addition to the relief described above, default judgment enter against Defendants as follows:

| | |
|---|---:|
| Principal and Interest: | $736,764.28 |
| Attorney Fees, Costs and Expenses | 50,639.54 |
| TOTAL JUDGMENT: | $787,403.82 |

A proposed default judgment was filed by Plaintiff on August 28, 2019 (ECF No. 44.)

Dated: October 28, 2019     /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).